GEOFFREY E. WIGGS (SBN 276041)
LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Suite # 350
San Mateo, Ca 94403
geoff@wiggslaw.com
Telephone: (650) 577-5952
Facsimile: (650) 577-5953

Attorney for Debtors
**DANIEL & KAREN COMAROTO**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| In re: | ) Case No. 16-31316-DM-13 |
|---|---|
| **DANIEL COMAROTO II, AND KAREN R COMAROTO**, | ) Chapter 13 |
| Debtors. | ) **OPPOSITION TO TRUSTEE'S MOTION TO DISMISS CASE PRE-CONFIRMATION** |

**TO THE HONORABLE DENNIS MONTALI, United States Bankruptcy Judge, Chapter 13 Trustee, DAVID BURCHARD, and all other interested parties:**

Debtors **DANIEL COMAROTO II** & **KAREN R COMAROTO** file this Opposition to the Trustee's Motion to Dismiss Prior to Confirmation.

**STATEMENT OF FACTS**

1. Debtors filed the instant Chapter 13 case December 8, 2016.

2. Debtors filed their Chapter 13 Plan ("Plan") on December 21, 2016.

3. Confirmation of the plan is currently delayed pending the outcome of Debtors' Motion to Value Collateral; the result of which would be to remove the lien of secured creditor Trojan Capital.

4. Debtors' Motion was continued once by Stipulation between the parties to July 11, 2017 and later continued by the Court to September 6, 2017.

**Ocwen's Objection**

5. Debtors' initial Chapter 13 Plan set the amount of arrears owed to Ocwen Loan Servicing, LLC, as the loan servicing agent of the Bank of New York Mellon (hereinafter referred to as "Ocwen"), at $5,528.00 based upon Debtors' account statements for this mortgage.

6. On February 21, 2017, Ocwen objected to the Confirmation of Debtor's Chapter 13 Plan of Reorganization ("Objection"), on the grounds that the Plan did not cure Ocwen's calculated pre-petition arrears of $11,704.52.

7. No proof of claim was filed by Ocwen until April 12, 2017.

8. On July 17, 2017, the Trustee filed this Motion to Dismiss this case prior to confirmation.

9. On July 19, 2017 Debtors set the objection of Ocwen for hearing on August 16, 2017.

10. Debtors filed a First Amended Chapter 13 Plan ("Amended Plan") on July 26, 2017.

11. The Amended Plan increased the arrears to be repaid on Ocwen's claim to $11,704.52.

12. Debtors believe the First Amended Plan resolves Ocwen's objections and Ocwen no longer has a valid basis on which to object to the Plan.

13. Debtors' counsel has attempted to communicate with Ocwen's counsel by phone and email regarding this objection but has not received a response.

14. Debtors' attorney believes that the lack of contact may be due to Ocwen changing attorneys during the course of this objection.

**Motion to Value Real Property**

15. Debtors filed a Motion to Value Collateral on January 30, 2017 asking that the Court determine that the secured claim of creditor Trojan Capital Investments, LLC (hereinafter referred to as "Trojan") is fully unsecured and without value within the meaning of 11 U.S.C. § 506.

16. On February 15, 2017, Trojan filed an Opposition to Debtor's Motion.

17. Trial in this matter was originally set for May 23, 2017, but scheduling difficulties with Trojan's expert witness resulted in a stipulation between Debtors and Creditor to continue the trial to July 11, 2017.

18. On July 6, 2017, the Court filed an Amended Scheduling Order for Evidentiary Hearing Motion to Value/Avoid Lien continuing the trial *sua sponte* to September 6, 2017.

19. Debtors believe that the Amended Plan cannot be confirmed until the results of the September 6 Evidentiary hearing on the Motion to Value Collateral ("Evidentiary Hearing") are known.

## ARGUMENT

20. Debtors respectfully request that the Court deny the Trustee's Motion to Dismiss this case.

21. Debtors and their attorney are working diligently to complete the Trustee's list of outstanding objections to the plan and believe that all outstanding Objections either have been resolved or will soon be resolved.

22. Debtors expect that their Amended Plan will be ready for confirmation after the September 6, 2017 Evidentiary Hearing.

## CONCLUSION

23. Debtors respectfully request that the Trustee's Motion to Dismiss be denied.

oo0oo

Dated this August 2, 2017 /s/ *Geoffrey E. Wiggs, Esq.*
**Geoffrey E. Wiggs, Esq.**
Attorney for Debtor