GEOFFREY E. WIGGS (SBN 276041)
THE LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Suite # 350
San Mateo, Ca 94403
geoff@wiggslaw.com
Telephone: (650) 577-5952
Facsimile: (650) 577-5953

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

In re:

**DANIEL COMAROTO II, AND KAREN R COMAROTO**,

Debtors.

Case No. 16-31316-DM-13

Chapter 13

**DEBTORS' RESPONSE TO CREDITOR'S OBJECTION TO CONFIRMATION OF PLAN**

**DEBTORS RESPOND AS FOLLOWS TO THE OBJECTION TO CONFIRMATION OF PLAN FILED BY CREDITOR TROJAN CAPITAL INVESTMENT, LLC.**

**Objection pursuant to 11 USC 109(e)**

Creditor objects to confirmation alleging Debtors' proposed chapter 13 plan violates the chapter 13 debt limits provided in 11 USC 109(e).

Creditor bases its objection on Debtors' unsecured debt of $430,914.43. The debt ceiling provided by section 109(e) is only $394,725.00.

Debtors current proposed plan lists unsecured debt of $430,914.43 because Creditor's secured lien of $337,032.02 was recently valued at zero for purposes of Debtors' chapter 13 plan following the Court's September 6, 2017 evidentiary hearing wherein it was determined that Creditor's lien was wholly unsecured within the meaning of 11 USC section 506. The Order on the Court's findings was lodged September 14, 2017 as docket #76.

DEBTORS' RESPONSE TO CREDITOR'S OBJECTION TO CONFIRMATION OF PLAN - 1

A review of Debtors' schedules E & F in this case shows that Debtors originally estimated total unsecured claims of $22,462.58. ($12,470.90 in priority claims and $9,991.68 in general unsecured claims.) The combination of Creditor's (now) unsecured claim of $337,032.02 and the previously estimated $22,462.58 in unsecured claims results in total unsecured claims of $359,494.60. The total of $359,494.60 is within the limits prescribed by 11 USC 109(e) of $394,725.00.

Further, a review of the claims register in this case indicates that two unsecured claims totaling only $11,940.03 have been filed in Debtors' case. The total of filed unsecured claims ($11,940.03) and Creditor's unsecured claim ($337,032.02) is only $348,972.05, a figure well below the limit imposed by 11 USC 109(e).

Therefore Debtors' respectfully request the Court overrule Creditor's objection on these grounds as, no matter how Debtors' unsecured debt is determined, the unsecured debt is below the limits set by 11 USC 109(e).

**Feasibility Objection**

Creditor further objects to Debtors' proposed chapter 13 plan on the basis that the plan is infeasible. Creditor bases this objection on Debtors' Schedules I & J as amended on January 26, 2017 which show disposable income of $397.00. Debtors' proposed first amended chapter 13 plan proposes monthly payments of 397.05 for the first twelve months followed by a step-up in plan payments to $550.00 per month. Debtors believed this plan to be feasible based on projected increases in overtime and the plan that Mrs. Comaroto would secure a job to cover any shortfall.

On September 29, 2017 Debtors filed an amended schedule I & J which shows Debtors having disposable income of $550.13 per month. Docket #83. On that same date Debtors filed a

proposed Third Amended chapter 13 plan which proposes immediately beginning the stepped-up payments of $550.00 per month starting in month 11. Docket #84.

Debtors' plan is both feasible and supported by Debtors' schedules. Debtors respectfully request that the Court overrule Creditor's objection on these grounds.

**Property Tax Objection**

Lastly Creditor objects to Debtors' plan by averring that Debtors' scheduled property taxes is excessive. In response to this objection, on October 17, 2017 Debtors filed a declaration in which Debtors provide a copy of their secured property tax bill. Although Debtors scheduled $970.00 per month in property taxes, Debtors' annual property tax liability comes to $11,438.22. On a monthly basis Debtors' property tax liability is $953.19 ($11,438.22 / 12).

On this basis Debtors respectfully request that the Court overrule Creditor's objection on this basis.

**Conclusion**

Debtors respectfully request that the Court overrule the objections of Creditor Trojan Capital Investment LLC and allow confirmation of Debtors' proposed chapter 13 plan.

oo0oo

Dated this October 17, 2017  /s/ *Geoffrey E. Wiggs, Esq.*
**Geoffrey E. Wiggs, Esq.**
Attorney for Debtors